UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 4:08-CR-115 |
| | § | |
| KEITH ORLIN CRUMP | § | |

## AMENDED REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On July 29, 2008, and September 9, 2008, the court held hearings on the government's Petition to Revoke Supervised Release (#2). The government was represented by Assistant United States Attorneys Heather Rattan and Steven Buys. The defendant was represented by Denise Benson.

Keith Orlin Crump was sentenced on September 18, 2003, before the Honorable U.S. District Judge Ed Kinkeade of the Northern District of Texas -- Dallas Division, in Case No. 3:03cr163-K (01), after pleading guilty to the offense of Use of a Fictitious Name to Commit Mail Fraud. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. Keith Orlin Crump was subsequently sentenced to 60 months in prison followed by three years of supervised release subject to the standard conditions of release, plus certain special conditions. On September 6, 2007, Keith Orlin Crump completed his period of imprisonment and began service of the supervision term. On April 28, 2008, an order was entered by Judge Kinkeade transferring Mr. Crump's supervised release to the United States District Court for the Eastern District of Texas -- Plano Division.

On June 16, 2008, the instant petition to revoke was filed. In its petition, the government alleges the defendant violated the following conditions:

1) The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Specifically, the government alleges as follows: The defendant failed to submit a written monthly report for the months of January, February, March and April 2008. The defendant failed to report to the U. S. Probation Office as instructed on March 24, 2008 and April 3, 2008. The defendant's whereabouts were also unknown.

2) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment. Specifically, the government alleges as follows: During an unscheduled home visit, the probation office discovered that the defendant was evicted from his residence in March, 2008. On March 19, 2008, during a telephone conversation with the defendant, he was instructed to provide an address during the next office visit scheduled for March 24, 2008. The defendant failed to provide an updated address on March 24, 2008, as instructed. As of June 2008, no current address has been provided.

3) The defendant shall participate in a program approved by the U. S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (co-payment) at a rate of at least $20 per month. Specifically, the government alleges as follows: The defendant failed to report for random urinalysis at Bob Alterman's LCDC on March 20, 24, and 28, 2008.

4) The defendant shall pay restitution in the amount of $36,088.06. Specifically the government alleges as follows: The defendant failed to pay $400 for the month of April and May 2008, to be applied toward restitution. As of June 6, 2008, the defendant has paid $3,000, with a remaining balance of $32,102.43.

The court scheduled a revocation hearing for July 29, 2008. At the hearing on the government's petition, and after consenting to the undersigned's taking the plea, the defendant pled true to the first allegation as set forth above, and the government abandoned the remaining allegations. Based on the defendant's plea of true to the first allegation, and with no objection by the defendant or the government, the court found that the defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The court thereafter recommended that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine months with two years of supervised release to follow such term of imprisonment. Based on the foregoing, it is

**RECOMMENDED** that the defendant's plea of true to the first allegation as set forth in the government's petition be **ACCEPTED**. Based upon the defendant's plea of true to this allegation, it is further recommended that the Court find that the defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the defendant's supervised release be **REVOKED**. It is further

**RECOMMENDED** that the defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine months, with a term of two years supervised release to follow such term of imprisonment. It is further

**RECOMMENDED** that the court request that the Bureau of Prisons place the defendant in

its Seagoville, Texas, facility during the period of his confinement.

At the close of the September 9, 2008 revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 16th day of September, 2008.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE